IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **CODIS WEST MIMS, SR.** § | |
| § | |
| § | **CIVIL NO. 6:19-cv-149** |
| **VS.** § | **JURY DEMANDED** |
| § | |
| § | |
| **T-MOBILE USA, INC.** § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Codis West Mims, Sr. hereby files this, his Original Complaint against T-Mobile USA, Inc. ("T-Mobile") for violating the Americans with Disabilities Act and the Family Medical Leave Act. The causes of action and summary of claims relating thereto are addressed below:

### I. JURISDICTION AND PARTIES

1. Jurisdiction of this Court is invoked pursuant to Section 107(a) of the Americans with Disabilities Act (hereinafter "ADA"), 42 U.S.C. § 12117, which incorporates by reference § 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5, providing for relief against discrimination on the basis of disability in employment. Plaintiff has satisfied all jurisdictional prerequisites in connection with hisr claim under the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 et. seq.

2. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. § 2000e-5(f)(3), have occurred or been complied with:

    (a) a charge of employment discrimination on the basis of disability was filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the commission of the unlawful employment practice alleged herein.

    (b) A Notification of Right to Sue was received from the EEOC on February 21,

2019.

(c) This Complaint has been filed within 90 days of receipt of the EEOC's Notification of Right to Sue.

3. Plaintiff, Codis S. Mims, is a citizen of the United States and the State of Texas who resides in Smith County, Texas.

4. All the discriminatory employment practices alleged herein were committed within the State of Texas.

5. Defendant, T-Mobile may be served by delivering a copy of the Complaint to its Registered agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

6. T-Mobile is a "person" within the meaning of § 101(7) of the ADA, 42 U.S.C. § 12111(7), and § 701 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

7. T-Mobile is engaged in an industry that affects commerce within the meaning of Section 101(7) of the ADA, 42, U.S.C. § 12111(7), and Section 701 of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

8. T-Mobile employs 15 or more employees and is an "employer" within the meaning of Section 101(5)(A) of the ADA, 42 U.S.C. § 12111(5)(A).

## II. STATEMENT OF FACTS

9. Plaintiff was employed by T-Mobile as a Regional Field Loss Prevention Manager from July 2008 until July 2018.

10. In March of 2018, Plaintiff went out on LOA (STD) FMLA for a couple of serious medical illnesses (diabetic neuropathy, retinopathy sarcoidosis and lumbar radiculopathy) and an incurable diagnosis. During the time that Plaintiff was on leave, he requested and was approved by his Sr. Manager Lekiya Manzo to return back to his original home state of Texas due to the

financial hardship that was incurred as a result of the reduction in pay (60 percent) and Plaintiff's inability to physically traverse back and forth for medical appointments and procedures as Plaintiff required assistance.

11. Upon Plaintiff's return to the business on June 25, 2018 at full duty, Plaintiff met Lekiya Manzo in Denver, Colorado to get what he believed was re-engaged and up to speed with what transpired during his LOA. During the meeting Mrs. Manzo began to offer statements such as, " I don't think Colorado is the right place for your medical condition" and "your swelling in your ankles is going to severely impact your ability to perform your job" and finally, "I am afraid that your loss of vision in your eye (left) might cause you to have an accident and open T-Mobile to risk". While at lunch, Mrs. Manzo advised Plaintiff that he would need to get back to work immediately to which he agreed with no issue. What Mrs. Manzo meant was that Plaintiff would need to relocate back to the area immediately. Plaintiff advised Mrs. Manzo that he would begin the process of finding suitable living arrangements. Additionally, while in the field visiting stores, Mrs. Manzo advised Plaintiff that he would need to start providing her a calendar of his daily schedule activities which Plaintiff thought odd as she has not asked the same of anyone else on the team. Nevertheless, Plaintiff agreed, and the conversation ended.

12. After working the week of June 26-28, 2018, Plaintiff flew back to Texas with intentions to return on Monday July 2, 2018 to begin seeking housing. On Friday June 29, 2018 at approximately 2:00 pm Plaintiff received a telephone call from Manzo asking him if he had found a place to live yet. Plaintiff advised her that he had not had a chance to look as he had been working every day the past week. Manzo advised that she needed to contact HR so that Plaintiff could discuss possible options. Approximately two hours later Plaintiff received a call-in which Manzo and a new HR representative (Amanda Estrada) was on the telephone. After explaining his situation and fresh return to work, Plaintiff was asked by Estrada what time frame would be

required to find a residence and get his personal effects relocated back to Colorado. Plaintiff advised that he believe 30 days would be reasonable. Plaintiff was immediately met with resistance from Estrada and advised that the business was critical and could only allow him one week to relocate. When asked what his thoughts were on that response, Plaintiff advised Estrada that he would do his best but that was going to be a huge challenge. Subsequently, she asked how much PTO time Plaintiff had available and Plaintiff explained that he had to use much of his time at the end of December 2017 or lose it per policy and the remainder had to be used to cover the first two weeks of LOA as they were unpaid. Since Plaintiff only had 8 hours left of PTO, he was advised that he would have to take the week of July 2- 6 off without pay to relocate back to Colorado. Subsequently, Plaintiff was advised by Estrada that he would need to be back in Colorado on July 9, 2018. To be clear, Plaintiff never asked to be off and did not want to be off. Plaintiff requested to work from the field as he and others on his team consistently do on a daily basis. Plaintiff was advised by Estrada that this would be unacceptable. She stated per the job description, Plaintiff was required to be in the region (which was false). Additionally, there are other members of the team that are assigned to specific areas (regions) that do not and have never resided in their region. Moreover, they have never been required to relocate.

13.     Plaintiff emailed Manzo on July 9, 2018 answering a business email sent to Plaintiff and in that communication, Plaintiff advised her that he was unsuccessful at securing a residence in the short time frame provided and inquired as to a different option (more time to find living arrangements).

14.     Only July 10, 2018 Manzo responded to Plaintiff's email in which he requested to know if he was still an active employee or separated. Subsequently, she called him by telephone and inquired if he would be able to find residence in Colorado. Plaintiff inquired to whether renting a hotel would be sufficient to which she responded no. Plaintiff was required to secure permanent

housing. Additionally, Manzo advised that she had all of Plaintiff's access to email notifications shut off and re-routed to her making it impossible for Plaintiff to work.

15. On July 11, 2018 Plaintiff received a call from Manzo and Estrada in which they both informed him that he was being terminated. Plaintiff specifically advised both that he was not quitting his job.

### III. CLAIMS FOR RELIEF

### (A) Americans with Disabilities Act

16. From the time that Plaintiff went out on LOA (STD) FMLA, Plaintiff has been an individual with a "disability" within the meaning of Section 3(2) of the Americans with Disabilities Act, 42 U.S.C. § 12102(2).  More particularly, Plaintiff has a physical impairment that substantially limits one or more of his major life activities, has a record of such an impairment, and was regarded by T-MOBILE USA, INC. as having such an impairment.

17. Plaintiff is a "qualified individual with a disability" as that term is defined in § 101(8) of the ADA, 42 U.S.C. § 12111(8).  More specifically, Plaintiff is an individual with a disability who, with reasonable accommodation, can perform the essential functions of his job as a Regional Field Loss Prevention Manager for T-Mobile.

18. T-Mobile's failure to make reasonable accommodation to Plaintiff's disability constitutes discrimination against Plaintiff with respect to terms, conditions, or privileges of employment.  T-Mobile's actions constitute a violation of Section 102(b)(5)(A) of the ADA, 42 U.S.C. § 12112(b)(5)(A).

19. T-Mobile failed to undertake any good faith efforts, in consultation with Plaintiff, to identify and make a reasonable accommodation with Plaintiff.

20. In addition to its failure to accommodate Plaintiff's disability, T-Mobile intentionally discriminated against Plaintiff because of his disability in terminating him because of his disability.

21. Defendant discriminated against Plaintiff in terminated him on the basis of his actual disability.

22. Defendant discriminated against Plaintiff in terminated him on the basis of a perceived disability.

23. In failing to make reasonable accommodation to Plaintiff's physical disability and/or terminating Plaintiff because of his actual or perceived disability, T-Mobile acted with malice or with reckless indifference to the federally protected rights of Plaintiff.

**(B)     Family Medical Leave Act**

24. Plaintiff has satisfied all jurisdictional prerequisites in connection with his claim under the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 et. seq.

25. Defendant is an "employer" as defined by the FMLA in 29 U.S.C. § 2611(4).

26. During the time that Plaintiff was employed by Defendant, he was an "eligible employee" as defined by the FMLA in 29 U.S.C. § 2611(2).

27. While Plaintiff was employed by Defendant, he had an illness that can be defined as a "serious health condition" under the FMLA as outlined in 29 U.S.C. § 2611(11).

28. Plaintiff was entitled to medical leave for his serious health condition as provided for in the FMLA (in 29 U.S.C. § 2612(a)(1)(C)).

29. Defendant terminated Plaintiff's employment in retaliation for taking this medical leave to care for his serious medical condition.

30. Defendant terminated Plaintiff's employment for the time he was forced to take off work to care for his serious health condition, which violates the protections of the FMLA as outlined in 29 U.S.C. § 2615(a).

31. Plaintiff alleges that Defendant's violation of the FMLA was willful.

## IV. DAMAGES

32. As a direct and proximate result of T-Mobile's discrimination on the basis of disability and violations of the ADA, Plaintiff has suffered lost wages and benefits and lost employment opportunities.

33. Plaintiff has suffered extreme emotional distress, embarrassment, severe disappointment, indignation, shame, despair, and public humiliation due to Defendant's termination of him.

34. Plaintiff's harm was a result of the Defendant's actual malice or reckless indifference to Plaintiff's protected rights; thus Plaintiff seeks exemplary damages.

35. Plaintiff alleges entitlement to liquidated damages due to Defendant's willful violation of the FMLA.

36. Plaintiff is entitled to recover his reasonable and necessary attorney's fees pursuant to 42 U.S.C. § 2000e and 29 U.S.C. § 2617(a)(3).

## V. JURY DEMAND

37. Plaintiff demands trial by jury.

## VI. RELIEF REQUESTED

38. Plaintiff requests the judgment of this Court against Defendant, T-Mobile USA, Inc.as follows:

(a) Find and hold that Plaintiff has suffered from Defendant's acts of discrimination on the basis of his disability;

(b) Order that Plaintiff be awarded the back pay he would have earned, with related monetary benefits and interest thereon, had he been reinstated to his position;

(c) Order that T-Mobile USA, Inc. reasonably accommodate Plaintiff;

(d) Award Plaintiff compensatory damages in an amount to be determined at trial of this matter;

(e) Award Plaintiff lost wages and benefits as a result of Defendant's violation of the

      FMLA;

(f) Requiring Defendant pay to Plaintiff damages for mental distress imposed upon Plaintiff through and as a result of the aforementioned discriminatory acts;

(g) Award Plaintiff liquidated damages for Defendant's willful violation of the FMLA;

(h) Award Plaintiff his attorney fees, including litigation expenses, and the cost of this action; and

(i) Grant such other and further relief as may be just and proper.

      Respectfully submitted,

/s/ *William S. Hommel, Jr.*
William S. Hommel, Jr.
State Bar No. 09934250
HOMMEL LAW FIRM
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
(903) 596-7100
(469) 533-1618 Fax

ATTORNEY FOR PLAINTIFF